**GODWIN MADURO, Plaintiff**

**v.**

**FORD MOTOR COMPANY and RAMSEY MOTORS, Inc.,**
**Defendants**

Civil No. 591-1969

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

August 27, 1975

**HOFFMAN,** *Judge*

## MEMORANDUM OPINION

This case was remanded to this Court by a Judgment Mandate of the District Court sitting as an Appeals Court dated April 22, 1974, based on a District Court Opinion by Chief Judge Christian dated March 22, 1974. 10 V.I. 401. A hearing, as mandated by the District Court's Judgment, was held on October 30, 1974. Memoranda of Law were requested from both sides by the Court and such Memoranda were submitted on December 24, 1974 by defendant and April 9, 1975 by plaintiff. Stipulations were submitted by the parties on June 20, 1975[1] and August 14, 1975.[2]

The Court is of the opinion that Chief Judge Christian ruled out in his opinion any allowance to the plaintiff for consequential damages: "[W]e are of the opinion that Maduro has failed in his burden of proving

---

[1] It is hereby stipulated by and between counsel for the respective parties to the above entitled action, that pursuant to letter dated June 6, 1975, from the Court, the value of the automobile in question at the time of acceptance was $3,847.00, its cost to Plaintiff when purchased for cash on February 16, 1968, and the matter is submitted on the whole record.

[2] It is hereby stipulated by and between undersigned counsel for the respective parties to the above-entitled action that, pursuant to letter dated June 25, 1975 from the Court, the value of the automobile in question at the time of acceptance was $3,847.00; its cost to the plaintiff when purchased for cash on February 16, 1968 diminished by the sum of $400.00, being the replacement cost of a new transmission.

Plaintiff limits the foregoing stipulation to the value of a replacement transmission and without prejudice to the value of any other item of damage in diminishing the value of the said automobile.

413

damages of so great an amount, or indeed in any amount with the certainty required by law." 10 V.I. at 414. Consequently, we will limit the award of damages to plaintiff to, in the words of the statute, 11A V.I.C. 2—714(2), "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted."

■ The Court finds the Stipulation of August 14, 1975[3] to be dispositive of this point. Accordingly plaintiff is entitled to Judgment against the defendant in the sum of $400. The Court also finds that the plaintiff, especially in light of his success on the appeal of this case, is entitled to an award for attorney's fee and costs.

Let judgment enter accordingly.

### JUDGMENT

This matter came on for a hearing on October 30, 1974 on remand from the District Court on the issue of damages, the parties being represented by Counsel: Daniel W. Ambrose, Esq. for the plaintiff and Bailey, Wood & Rosenberg (Frederick D. Rosenberg, Esq. of counsel) for the defendants.

In accordance with the Opinion and Judgment of the District Court dated March 22, 1974 and April 22, 1974 respectively, and the Opinion of the Court dated August 27, 1975, it is hereby

ORDERED, ADJUDGED AND DECREED that plaintiff shall have judgment against the defendant, Ramsey Motors, Inc., in the amount of Four Hundred Dollars ($400.00) with costs and attorney's fee.

FURTHER ORDERED, ADJUDGED AND DECREED that upon submission to the Court of a certificate of costs and affidavit by plaintiff's counsel of the extent of services

[3] See fn. 1 supra.

rendered, the Court shall make an award for same in favor of the plaintiff which amounts shall become part of this judgment.

Execution on this judgment shall be stayed for fifteen (15) days from date costs and attorney's fee are fixed by undersigned.

It is so ordered.